**U.S. Department of Justice**

*Tax Division*

**CCA:GH:JDS:as**
**DJ 5-14-7579**
**CMN 2014101048**

*717 N. Harwood*
*Suite, 400*
*Dallas, Texas 75201*

*Main Line: (214) 880-9721*
*Direct Line: (214) 880-9735*
*Fax: (214) 880-9741/9774*
*Joshua.D.Smeltzer@usdoj.gov*

July 13, 2015

*via* ECF
The Honorable Jeffrey Alker Meyer
Richard C. Lee U.S. Courthouse
141 Church Street
New Haven, Connecticut 06510

Re: *General Electric Company v. United States*, No. 3:14-cv-190-JAM (D. Conn.)

Dear Judge Meyer:

The United States submits this letter brief seeking (1) an order requiring GE to turn over copies of all non-privileged documents produced or provided to it by third parties in response to any subpoena served on those third parties by the United States; and (2) an order prohibiting GE from any further interference with United States' third-party subpoenas.

**GE is Interfering with Non-Party Subpoena Responses.**

We recently learned that GE has engaged in multiple instances of interference with non-party subpoenas served by the United States. In one instance, GE's abusive discovery tactics resulted in over 70,000 third-party documents being withheld from the United States. These documents were not withheld under any privilege assertion, and absent GE's interference, we would have received these documents months ago in response to our subpoena.

The United States served a document subpoena on Westport Insurance Company ("Westport") on September 11, 2014. Westport committed to producing responsive documents in its custody and control and gathered 28 boxes of documents and over 80,000 electronic documents.[1] Westport provided the documents to GE in January and February, to facilitate GE's privilege review.[2] Instead, GE improperly withheld and has refused to turn over a majority of Westport's subpoena response on grounds other than privilege.

On June 12th, GE first admitted that it had obstructed Westport's subpoena response. During our meet and confer regarding GE's failure to timely produce documents, we asked why we had only received a small fraction of Westport documents, and how much additional time GE needed to complete privilege review and produce the outstanding documents. GE told us that it

[1] Gov. Ex. A at 2. Government Exhibit A is a copy of email correspondence with Counsel for Swiss Re American Holding Corporation, Jay Brown, who responded to the subpoena on behalf of Westport Insurance Company.
[2] *Id*. at 1.

was not only reviewing for privilege, but also for responsiveness, and identified the number of documents withheld for a reason other than privilege.

GE stated that it used search terms to identify documents it would withhold and exclude from Westport's subpoena response. Despite our repeated requests, GE has refused to disclose those search terms. GE also conducted a subsequent review of Westport's subpoena response, and improperly withheld additional documents on grounds other than privilege. We requested a "quick peek," to allow us to verify whether the withheld documents are responsive to our subpoena. *See In re Delphi Corp.*, 2007 WL 518626 at *8, fn 17 (E.D. Mich. 2007)(recommending, in dicta, that the parties attempt to resolve their dispute through the "quick peek" review or other methods suggested in recent amendments to the Federal Rules of Civil Procedure, before seeking further judicial assistance). We reiterated our requests in a letter dated July 2, 2015.[3] GE has rejected our proposals.

Westport itself is willing to produce all non-privileged documents to the United States. Therefore, the only thing standing in the way of full production of documents produced in response to the United States subpoena is GE. Despite multiple telephone conferences, the parties are unable to resolve this matter.

The United States also recently learned that GE is interfering with another third-party's response to our subpoena. We served Cahill, Gordon and Reindel, LLP ("Cahill") with a subpoena on May 7, 2015. Cahill has agreed to produce documents in response to our subpoena. But Cahill has informed us that it has authorized GE to first review the documents for privilege and responsiveness. GE may claim that this review is proper because Cahill authorized it. Even assuming it is proper to outsource responsiveness review to an entity not authorized to provide legal representation, and without first-hand knowledge of the subject of the request—it is certainly improper to outsource those responsibilities to the opposing party in the litigation. This, too, is improper interference with a third party subpoena.

We ask the Court to prevent any further discovery misconduct by GE and to order GE to produce all non-privileged documents, over which it has gained control, that are responsive to any subpoena served by the United States in this matter.

**GE Should be Compelled to Produce all Non-Privileged Documents Obtained From Westport and Cahill.**

Coaching a subpoenaed party, or otherwise interfering with their compliance with a validly-issued subpoena, is improper. *See In re Seagate Tech. II Sec. Litig.,* 1993 WL 293008, *2 (N.D. Cal. 1993). The United States agreed to GE's request to review third-party documents for privilege. The United States did not consent, and GE did not request any consent, to permit GE to withhold documents based on any other grounds. At a minimum, GE should have contacted the United States to discuss these matters before it surreptitiously withheld non-privileged documents Westport intended to produce in response to our subpoena.

[3] Gov. Ex. B. Government Exhibit B is a copy of the July 2, 2015 letter from the United States reiterating our concerns over the interference with the Westport production and requesting the search terms used and a "quick peek" at the documents to ensure only non-responsive documents were removed from the production.

Absent a claim of privilege, GE has no right to challenge a subpoena directed to a third-party. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also, Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004)(a "party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right"). And GE lacks standing to assert any claim regarding burden or otherwise, where Westport itself has not objected or sought relief. *See See Finley v. Pulcrano*, 2008 WL 4500862, *1-2 (N.D. Cal. Oct. 6, 2008).

GE knew that substantive review of a third party's subpoena response was not proper, absent agreement of the parties. *See In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, *2 (N.D. Cal. 1993). For example, on January 23, 2015, GE sought the United States' agreement that certain Westport documents "may not be responsive to the subpoena" and as such, need not be reviewed for privilege.[4] GE also sought the United States' consent to exclude portions of another third party's subpoena response (Scottish Re) from the universe of documents GE reviewed for privilege, because GE was on explicit notice that its review of Scottish Re's documents was limited to privilege and not responsiveness.[5] As such, GE cannot claim now that engaging in surreptitious responsiveness review of a third party's subpoena response is proper.

GE also knew that the parties disagreed as to what was responsive to the Westport subpoena. In its January 2015 request, GE described categories of documents it believed were not responsive, totaling 11 boxes, and asked whether we agreed. We did not agree. We indicated that 10 boxes should be reviewed, and agreed that one box need not be reviewed. The parties plainly did NOT agree on what is responsive to the Westport subpoena. And the same disagreement occurred during GE's review of Scottish Re's subpoena response. Again, GE indicated boxes of documents it viewed as non-responsive, and asked whether we agreed. We did not agree. In that instance, the parties were able to reach a compromise as to the volume of documents GE needed to review and log for privilege. Despite this knowledge, GE did not seek any further agreement regarding the Westport documents. Instead, GE silently and improperly withheld tens of thousands of Westport documents, and only when confronted did it acknowledge its actions.

At a minimum, GE should be ordered to provide "the terms they employed in running electronic searches."[6] GE's refusal to share even the search terms raises further suspicions as to its actions in interfering with our subpoenas. The United States' requested a "quick peek" to alleviate concerns as to whether the search terms were appropriate; assuming, arguendo, that GE's actions were permitted under the Federal Rules of Civil Procedure.[7]

---

[4] Gov. Ex. C. Government Exhibit C is a copy of the January 23, 2015 letter regarding hard-copy documents produced by Westport in response to the United States' subpoena.
[5] *See* Gov. Ex. D. Government Exhibit D is email correspondence with GE counsel regarding review of documents produced by Scottish Re in response to our subpoena.
[6] *See In re Porsche Cars N. Am., Inc.*, 2012 WL 4361430, *7 (S.D. Ohio 2012).
[7] Several courts have acknowledged the limitations of key word searches, when not properly conducted. *See e.g. Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement Agency*, 877 F. Supp. 2d 87, 110 (S.D.N.Y. 2012) ("the use of keywords without testing and refinement (or more sophisticated techniques) will in fact not be reasonably calculated to uncover all responsive material."); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 256-257 (D. Md. 2008) ("while it is universally acknowledged that keyword searches are useful

The United States issued a subpoena to Westport, not GE. As it stands, GE improperly has custody and control of well over 70,000 documents produced by Westport, in response to the United States subpoena. GE is refusing to turn these over, and is refusing to provide any information about these improperly withheld documents. Without a privilege log, or any other information regarding these documents, the United States has no idea whether it is missing responsive documents to use in its defense against GE's allegations. Such a result is simply unacceptable. We are entitled to receive all non-privileged documents produced in response to our subpoena.

Westport has no objection to producing all of the documents it provided to GE. Westport did not ask GE to review these documents for responsiveness. GE has refused to give the United States any information regarding what was removed. The United States cannot determine Westport's compliance with the subpoena if it cannot see, or have some alternative way of knowing, all of the documents it provided in response to its subpoena.

The United States believes that GE's responsiveness review of any third-party production is improper. GE is simply not the proper party to decide what is responsive to the United States' subpoena—since GE is the party suing the United States for a refund of taxes. As noted above, and documented in other portions of the record, the United States and GE do not agree on responsiveness. Therefore, GE's determinations of responsiveness must be set aside and all third-party documents produced. At the very least, the withheld documents should be subjected to a "quick peek" by the United States, or some other agreed procedure, in order to ensure that all relevant information is made available to the litigants such that both parties have mutual knowledge of all relevant facts.

**Conclusion**

For the reasons set forth above, the United States requests that the Court grant the relief we seek. We look forward to discussing these matters during our Tuesday conference.

Sincerely yours,

*/s/ Joshua D. Smeltzer*
JOSHUA D. SMELTZER
United States Department of Justice – Tax Division
Trial Attorney, CTS-SW

---

tools for search and retrieval of ESI, all keyword searches are not created equal; and there is a growing body of literature that highlights the risks associated with conducting an unreliable or inadequate keyword search…The only prudent way to test the reliability of the keyword search is to perform some appropriate sampling of the documents."); *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 662 (M.D. Fla. 2007) ("while key word searching is a recognized method to winnow relevant documents from large repositories, use of this technique must be a cooperative and informed process…Common sense dictates that sampling and other quality assurance techniques must be employed to meet requirements of completeness.").

## CERTIFICATE OF SERVICE

I certify that on July 13, 2015, I electronically filed the foregoing document. The document has been electronically served upon the following through the ECF system:

David J. Curtin at david.curtin@morganlewis.com

Michael C. D'Agostino at michael.dagostino@morganlewis.com

Mario J. Verdolini at mario.verdolini@davispolk.com

Charles S. Duggan at charles.duggan@davispolk.com

/s/ *Joshua Smeltzer*
JOSHUA D. SMELTZER
Trial Attorney, Tax Division