U.S. Department of Justice

*Tax Division*

**CCA:GII:JDS:as**
**DJ 5-14-7579**
**CMN 2014101048**

*717 N. Harwood*
*Suite, 400*
*Dallas, Texas 75201*

*Main Line: (214) 880-9721*
*Direct Line: (214) 880-9735*
*Fax: (214) 880-9741/9774*
*Joshua.D.Smeltzer@usdoj.gov*

July 2, 2015

***via email***

Mario J. Verdolini
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017

Re: *General Electric Company v. United States*;
Case No. 3:14-cv-190-JAM (D. Conn.)

Dear Mr. Verdolini:

The United States served a document subpoena on Westport Insurance Company on September 11, 2014 ("Westport.") Westport's counsel advised us that it gathered approximately 28 boxes of hard copy documents and approximately 84,108 electronic documents in response to our subpoena. Westport provided those documents to GE on January 23, 2015, February 4, 2015, and February 19, 2015 in order to facilitate GE's privilege review. Based on our recent discussions, we understand that GE not only reviewed these documents for privilege, but also for responsiveness. Only a fraction of these have been provided to us.

During discussions on June 12th and 15th, you informed us that GE applied search terms to limit the number of documents considered "responsive" to our subpoena, yet you refused to provide those search terms to us so that we can verify that we share your opinion on responsiveness. We also suggested that we use the "quick peek" procedure contemplated by the Federal Rules to allow us to verify agreement on the responsiveness limitations you have placed on the documents. *See In re Delphi Corp.*, 2007 WL 518626 at *8 (E.D. Mich. 2007). You have failed to respond to our request.

Absent a claim of privilege, GE has no right to challenge documents produced by a third-party pursuant to a subpoena. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also*, *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004)("party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right"). The United States agreed to allow GE to conduct a privilege review of documents to assert any applicable privilege on the appropriate privilege log. The United States did not give its consent, and GE did not request any consent, to review and remove documents based on its unilateral decision on responsiveness. At a minimum, GE should have contacted the United States and worked out any limitation of production ahead of time.

PENGAD 800-631-6989
GOVERNMENT
EXHIBIT
B

The subpoena was issued to Westport, not GE, and Westport's decision of responsiveness is what matters. As it stands, GE has custody and control of well over 70,000 documents produced by Westport, as responsive to the United States subpoena, which were not provided to the United States or identified as withheld under a claim of privilege. Such a result is simply unacceptable.

We renew our request that you provide us with the search terms used to limit the documents and provide us with a "quick peek" of the documents withheld as non-responsive so we can verify agreement on what is non-responsive. If you remain unwilling to provide us a reasonable way to verify that all responsive documents are being provided then, please provide your availability for a call to discuss our request prior to calling the Court so we can attempt to work this out without Court intervention. We are available July 6th and 7th between the hours of 9:30 am EDT and 4:00 pm EDT. We understand that the same procedure of conducting both privilege and responsiveness review is being applied to our subpoena to Cahill, Gordon, and Reindel. Therefore, it is imperative that we resolve this issue prior to any responsive document removal in response to that subpoena, or any other third-party subpoena in the future.

Sincerely yours,

JOSHUA D. SMELTZER
United States Department of Justice – Tax Division
Trial Attorney, CTS-SW

cc: Kari Larson, Austin Furman, Gabrielle Hirz, Michael Lyons, Tom Vanaskie