UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENERAL ELECTRIC COMPANY & Subsidiaries, | CIVIL ACTION NO. 3:14 Civ. 190 |
| Plaintiff, | |
| v. | Judge Jeffrey A. Meyer |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## DECLARATION OF MICHAEL I. CRAGG

I, MICHAEL I. CRAGG, declare:

1. I have been retained by General Electric Company ("GE") in this matter to provide expert testimony.

2. I have provided a Notice of Testimony pursuant to Local Rule 26(a)(2)(B), which is consistent with this declaration.

3. I am a Principal of The Brattle Group, a global economic consulting firm headquartered in Cambridge, Massachusetts with additional offices in London, Rome, Madrid, Washington, D.C., New York, San Francisco, and Toronto. I have testified extensively in tax matters for taxpayers and the Government in IRS Audit, Appeals, Tax Court, and District Court. I have testified on various valuation, capital structure and economic substance matters and in a number of transfer pricing matters.

4. In connection with my engagement, I reviewed valuations conducted by Tillinghast Towers-Perrin and Credit Suisse First Boston for GE (the "Contemporaneous Valuations") and completed in December 2002 of the following direct or indirect subsidiaries of ERC Life Reinsurance Corporation: GE Frankona Reinsurance Limited, Luxembourg European Reinsurance Company S.A., GE Frankona Reinsurance A/S, GE Frankona Ruckversicherungs

Akteingesellschaft and Irish European Reinsurance Company Limited (referred to in this declaration as the "P&C Subs").

5. I concluded that the Contemporaneous Valuations provide a reasonable basis for estimating the fair market value of the P&C Subs as of December 2002.

6. I also reviewed various documents supporting GE's determination that the aggregate fair market value of the P&C Subs as of December 23, 2002 and December 26, 2002 was $1.8 billion. I compared this value to my own valuation analysis of the P&C Subs using the price-to-tangible book comparables method, and found that the $1.8 billion value determined by GE falls within the interquartile range of valuations based on other comparable insurance companies. The interquartile range is demarcated by the 25th and 75th percentiles and so contains the half of the valuations that are closest to the median or central value. I concluded that the $1.8 billion value of the P&C Subs determined by GE was consistent with fair market value.

7. I am prepared to testify regarding this conclusion and my analysis at trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Michael I. Cragg

Executed this 16th day of March, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2016, a copy of the foregoing March 16, 2016 Declaration of Michael I. Cragg was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Mario J. Verdolini*
Mario J. Verdolini (ct 29602)

450 Lexington Avenue
New York, New York  10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Email: mario.verdolini@davispolk.com