UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY<br>& Subsidiaries,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:14-cv-190-JAM<br><br><br>Judge Jeffrey A. Meyer |

## Declaration of Andrew A. De Mello

I, Andrew A. De Mello, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a trial attorney for the United States Department of Justice, Tax Division, and am co-counsel for the United States in the above-captioned case. I have prepared this declaration in support of the United States' motion to compel.

2.      I certify that counsel for the United States conferred in good faith with counsel for General Electric Company ("GE") to resolve, among other things, the privilege issues raised at the February 29, 2016, status conference, but have been unable to do so without intervention of the Court.

3.      The Special Master e-mailed the parties with his Preliminary Findings on February 28, 2016. His report addressing GE's privilege assertions is attached as Exhibit 1 (Tab 1).

4.      As ordered by the Court, the United States designated 1,000 of GE's privilege log entries that lacked author and recipient for in camera review by the Special Master. The United States provided GE with a spreadsheet identifying the 1,000 entries that selected for Special Master Review. Instead of submitting all 1,000 documents to the Special Master, GE produced

1

828 documents and only defended the privilege claims to 172 of the documents. A true and correct copy of the spreadsheet we provided to GE is attached as Exhibit 2 (Tab 2).

     5.     GE withdrew its claim of privilege and produced the document described at log entry #15130.  This document is identified by the following Bates range GEERC00364882 - GEERC00364967.  A true and correct copy of this document is attached as Exhibit 3 (Tab 3).

     6.     Mr. Parke, the CFO of GE Capital, gave testimony in this matter.  A relevant portion of his testimony is attached as Exhibit 4 (Tab 4).

     7.     Mr. Pressman, the CEO of ERC, gave testimony in this matter.  A relevant portion of his testimony is attached as Exhibit 5 (Tab 5).

     8.     GE withdrew its claim of privilege and produced the document described at log entry #12003.  This document is identified by the following Bates range GEERC00364968 - GEERC00365125.  A true and correct copy of this document is attached as Exhibit 6 (Tab 6).

     9.     GE withdrew its claim of privilege and produced the document described at log entry #15132.  This document is identified by the following Bates range GEERC00365126 - GEERC00365214.  A true and correct copy of this document is attached as Exhibit 7 (Tab 7).

     10.     Mr. Peters, the CFO of ERC's global life and health operations, gave testimony in this matter.  A relevant portion of his testimony is attached as Exhibit 8 (Tab 8).  An exhibit to that deposition (717) is attached as Exhibit 9 (Tab 9).

     11.     GE withdrew its claim of privilege and produced the document described at log entry #20443,  GEERC00365284 - GEERC00365359.  These pages are attached as Exhibit 10 (Tab 10).

12. GE previously produced documents GEERC00119709-740, GEERC00118603-633, GEERC00190195-226, and GEERC00190567-597.  These documents are attached as Exhibits (Tabs) 11-14, respectively.

13. Mr. Meiches, CFO of ERC, gave testimony in this matter.  A relevant portion of his testimony is attached as Exhibit 15 (Tab 15).

14. Mr. Pressman, CEO of ERC, gave testimony in this matter.  A relevant portion of his testimony is attached as Exhibit 16 (Tab 16).

15. GE withdrew its claim of privilege and produced the document described at log entry #18148.  This document is identified by the following Bates range GEERC00365881 - GEERC00365901.  A true and correct copy of this document is attached as Exhibit 17 (Tab 17).

16. GE withdrew its claim of privilege and produced the document described at log entry #17166.  This document is identified by the following Bates range GEERC00365425 - GEERC00365547.  A true and correct copy of this document is attached as Exhibit 18 (Tab 18).

17. Mr. Filsinger, of ERAC, gave testimony in this matter.  A relevant portion of his testimony is attached as Exhibit 19 (Tab 19).

18. GE previously produced document GEERC00177330-393.  It is attached as Exhibit 20 (Tab 20).

19. In response to a subpoena to Westport, the United States received documents Westport_00079229-292, Westport_00088042-105, Westport_00088345-408.  These documents are attached as Exhibits (Tabs) 21-23.

20. GE previously produced document GEERC00337198-261.  It is attached as Exhibit 24.

21. GE withdrew its claim of privilege and produced the document described at log entry #17167. This document is identified by the following Bates range GEERC00365548 - GEERC00365628. A true and correct copy of this document is attached as Exhibit 25 (Tab 25).

22. On January 4, 2016, Counsel for the United States sent GE a letter objecting to pertinent entries in GE's 23rd Privilege Log and Westport's 12th Privilege Log. That letter also requested additional information to evaluate GE's claims identified on those logs, and requested a response within 14 days. No response was received. A copy of the letter dated January 4, 2016, is attached as Exhibit 26 (Tab 26).

23. On November 30, 2015, Counsel for the United States sent GE a letter objecting to pertinent entries in GE's 21st and 22nd Privilege Logs and Westport 10th and 11th Privilege Logs. That letter also requested additional information to evaluate GE's claims identified on those logs, and requested a response within 14 days. No response was received. A copy of the letter dated November 30, 2015, is attached as Exhibit 27 (Tab 27).

24. On September 21, 2015, Counsel for the United States sent GE a letter objecting to pertinent entries in GE's 17th through 20th privilege logs and Westport's 7th through 9th privilege logs. That letter also requested additional information to evaluate GE's claims identified on those logs, and requested a response within 14 days. No response was received. A copy of the letter dated September 21, 2015, is attached as Exhibit 28 (Tab 28).

25. The United States transmitted to GE spreadsheets reflecting the challenges it raised in regard to the letters referenced in paragraphs 22-25. These spreadsheets are attached. The spreadsheet reflecting challenges to GE's 23rd Privilege Log and Westport's 12th Privilege Log was sent on January 4, 2016. It is attached as Exhibit 29 (Tab 29). The spreadsheet reflecting challenges to GE's 21st and 22nd Privilege Logs and Westport 10th and 11th Privilege

Logs was sent on November 30, 2015.  These are respectively attached as Exhibits 30 and 31 (Tabs 30 and 31).  The spreadsheet reflecting challenges to 17th through 20th privilege logs and Westport's 7th through 9th was sent on September 21, 2015.  It is attached as Exhibit 32 (Tab 32).

26.   GE produced privilege logs as stated in the chart below.  Each privilege log is attached to this declaration as Exhibits (Tabs) listed in the right column.

| Privilege Log | Date Produced | Exhibit (Tab) |
|---|---|---|
| GE's 23rd | 12/11/2015 | 33 |
| Westport 12th | 12/11/2015 | 34 |
| GE's 22nd | 10/21/2015 | 35 |
| GE's 21st | 09/22/2015 | 36 |
| Westport 11th | 11/10/2015 | 37 |
| Westport 10th | 09/22/2015 | 38 |
| GE's 20th | 09/01/2015 | 39 |
| GE's 19th | 08/17/2015 | 40 |
| GE's 18th | 08/19/2015 | 41 |
| GE's 17th | 08/05/2015 | 42 |
| Westport 9th | 09/01/2015 | 43 |
| Westport 8th | 08/14/2015 | 44 |
| Westport 7th | 07/08/2015 | 45 |

27. On February 24, 2016, counsel for the parties conferred in person in an attempt to resolve the privilege issues identified in the United States' letters dated January 4, 2016, November 30, 2015, and September 21, 2015.

28. The parties were unable to resolve the underlying disputes regarding the sufficiency of GE's claims to privilege as set forth in the United States' letters dated January 4, 2016, November 30, 2015, and September 21, 2015.

I declare under penalty of perjury that the foregoing is true and correct on this 11th day of March, 2016.

                                           */s/ Andrew A. De Mello*
                                           ANDREW A. DE MELLO
                                           Trial Attorney, Tax Division